The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT TACOMA

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware Corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SHERMAN TERRY, et al.,<br><br>　　　　　　Defendants. | No. 3:11-cv-5655-RBL<br><br>**PLAINTIFF T-MOBILE USA, INC.'S OPPOSITION BRIEF AND MOTION TO STRIKE DEFENDANTS' MOTION TO LIFT INJUNCTION [DE 94] AND FOR SANCTIONS**<br><br>*Note on Motion Calendar:*<br>September 9, 2011 |

Plaintiff, T-Mobile USA, Inc. ("T-Mobile"), hereby files this opposition to Defendants' Motion to Lift Injunction and moves for an order to: (1) strike Docket Entry 94, which purports to be a stipulated Motion to Lift Injunction filed by Defendants George Collett d/b/a Cell Phone George and Marilou Collett ("Defendants"); and (2) sanction Defendants for falsely representing to the Court that Plaintiff consents to vacating any portion of the Preliminary Injunction Order, and in support states as follows:

## Procedural Background

This is an action for damages and injunctive relief arising out of Defendants' illicit business practices involving misuse of the T-Mobile name and marks and the unauthorized and unlawful advertising, acquisition, purchase, and sale of T-Mobile products and services, including handsets, SIM cards, and airtime.

20075080.4
Plaintiff's Opposition Brief and Motion to Strike Defendants'
Motion to Lift Injunction [DE 94] and For Sanctions
(3:11-cv-5655-RBL) — 1



CARLTON FIELDS
ATTORNEYS AT LAW
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455
(404) 815-2730 · Fax: (404) 815-3415

The action was originally filed on April 2, 2010, against Defendants Sherman Terry and Custom Access, Inc. It was later amended on December 22, 2010, to include claims against Mr. Terry's co-conspirators Sandra Ortiz, George Collett, Marilou Collett, Mathew Collett, and Sarah Hoffman. A clerk's default has been entered against Defendants Terry, Ortiz and Custom Access. Defendants George, Marilou, and Mathew Collett and Sarah Hoffman's refusal to participate in discovery (the subject of a separate motion) has impeded T-Mobile's ability to fully quantify the scope of damages caused by the defaulted Defendants for inclusion in a motion for final judgment. Defendants George, Marilou, and Mathew Collett and Sarah Hoffman filed brief, virtually identical answers. [Dkt. No. 29, 30, 37, 38].

On December 22, 2010, Plaintiff filed a Motion for Preliminary Injunction seeking to preclude Defendants from continuing to defraud T-Mobile and its customers during the pendency of this action. [Dkt. No. 23]. As part of its ultimate relief, T-Mobile seeks a permanent injunction preventing the same activities. On May 26, 2011, Defendants filed their oppositions to the Motion for Preliminary Injunction. [Dkt. No. 53, 54, 56].

On August 2, 2011, after a hearing to consider the Motion and Defendants' opposition, The Honorable Charles A. Pannell, Jr., United States District Court Judge for the Northern District of Georgia, granted T-Mobile's Motion for Preliminary Injunction and entered the Preliminary Injunction Order which prohibits Defendants from, among other things, "purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any…T-Mobile mobile device that Defendants know or should know bears and T-Mobile trademark." [Dkt. No. 82 at pgs. 4-5].[1] The

---

[1] On August 17, 2011, The Honorable Charles A. Pannell, Jr., United States District Court Judge for the Northern District of Georgia, pursuant to 28 U.S.C. § 1404(a), transferred the case styled *T-Mobile USA, Inc. v. Sherman Terry, et. al.*, Civ. Action No. 1:10-cv-0977-CAP to this District. [Dkt. No. 84]. Because the transfer was one for convenience, the rulings made by Judge Pannell remain in effect. *See Danner v. Himmelfarb*, 858 F.2d 515, 521 (9th Cir. 1988) ("'[W]hen an action is transferred, it remains what it was; all further proceedings in it are merely referred to another tribunal, leaving untouched what has been already done.'"); 15 Fed. Prac. & Proc. Juris. § 3846 (3d ed.) ("When an action is transferred, it remains in the posture it was in and all further

20075080.4
Plaintiff's Opposition Brief and Motion to Strike Defendants'
Motion to Lift Injunction [DE 94] and For Sanctions
(3:11-cv-5655-RBL) — 2

CARLTON FIELDS
ATTORNEYS AT LAW
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455
(404) 815-2730 · Fax: (404) 815-3415

Clerk provided a copy of the Preliminary Injunction to Defendants and Plaintiff's counsel also provided Defendants with an emailed copy of the Order. As is reflected in the Docket, the Preliminary Injunction Order was not stipulated to by the parties in this case. In fact, it was opposed by Defendants. Judge Pannell considered the parties' briefs, heard oral argument and granted the Preliminary Injunction Order.

Three weeks later, Defendants filed a document entitled Motion to Lift Injunction which falsely represents to the Court that they are the Plaintiff, that the parties stipulate to lifting the injunction, and even fraudulently affixes Plaintiff's attorney's electronic signature to the filing. Plaintiff's counsel never consented to this Motion and did not see, let alone sign or approve the motion. *See* Declaration of Gail Podolsky attached as Exhibit A. To the contrary, recognizing an urgent need, Plaintiff expended significant efforts to acquire the Injunction, and strenuously opposes any attempt to lift or modify the Preliminary Injunction Order.

## Argument

Defendants' fraudulent and unsubstantiated Motion to Lift Injunction should be stricken or at the very least denied.

### A.   Defendants' Fraudulent Pleading Should be Stricken and Sanctions Awarded

Defendants' Motion to Lift Injunction is, on its face, scandalous and warrants being stricken. Under Federal Rule of Civil Procedure 12(f), the Court may strike any pleading or portion of a pleading that is "scandalous." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). While motions to strike are disfavored, they are appropriate "when the interests of justice so require." *Serpa v. SBC Telecomms., Inc.*, 2004 WL 2002444, at *3 (N.D. Cal. Sept. 7, 2004) citing *Augustus v. Board of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). "Granting a motion to strike may be proper

---

proceedings in the action merely are referred to and determined by the transferee tribunal, leaving untouched whatever already has been done in the transferor court.").

20075080.4
Plaintiff's Opposition Brief and Motion to Strike Defendants'
Motion to Lift Injunction [DE 94] and For Sanctions
(3:11-cv-5655-RBL) — 3



CARLTON FIELDS
ATTORNEYS AT LAW
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455
(404) 815-2730 · Fax: (404) 815-3415

if it will … eliminate serious risks of prejudice to the moving party….” *Becker v. Wells Fargo Bank, N.A., Inc.*, 2011 WL 1103439, at *6 (E.D. Cal. Mar. 22, 2011).

In this case, the Motion is presented to the Court as a "stipulated" agreement of the parties to either "lift" or reconsider the existing Preliminary Injunction Order.  That is a misrepresentation.  Further, Defendants present themselves as the Plaintiff in this action, *i.e.*, the party who sought and received the injunction and, therefore, would be the most effected by and in the best position to request the Court reconsider or "lift" that Order.  That is a misrepresentation.  Defendants attached the electronic signature of a T-Mobile attorney in support of their "stipulated" motion.  That is a misrepresentation.  Not only did Defendants never receive permission from T-Mobile's attorney to attach her signature to such a motion, Defendants never provided her with the motion or even raised it with her.  The interests of justice require that this fraudulent pleading be stricken.  Further, these are patently scandalous misstatements that could damage T-Mobile's position in this case and reputation as a whole in that it appears that after fighting to defend against ongoing fraud aimed at it and its customers, T-Mobile agreed to lift the injunction (and apparently abdicated its role as Plaintiff).

Based on blatant misrepresentations in this Motion, it should not be permitted to remain a part of the Court's docket in this case.  It should be stricken and sanctions awarded to T-Mobile for its reasonable fees and costs associated with addressing this Motion.  Defendants' knowing and blatant false statements to this Court are the most fundamental of sanctionable conduct.  *See Goldstein v. Gordon*, No. 300CV0022P, 2002 WL 324289, *8 (N.D. Tex. Feb. 27, 2002) (granting motion for sanctions and ordering reimbursement of all attorneys' fees and costs incurred based on plaintiff falsely representing to the court that the motion it filed was consented to by the defendant).  This is not a unique incident but is part of an ongoing pattern of fraud and subterfuge by

20075080.4
Plaintiff's Opposition Brief and Motion to Strike Defendants'
Motion to Lift Injunction [DE 94] and For Sanctions
(3:11-cv-5655-RBL) — 4

CARLTON FIELDS
ATTORNEYS AT LAW
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455
(404) 815-2730 · Fax: (404) 815-3415

Defendants in this lawsuit, as is reflected in Plaintiff's motions. While not striking this Motion will substantially prejudice Plaintiff, striking it will not prejudice Defendants.

Although it would be entirely unwarranted and untimely (even as of the date of the Motion to Lift), to the extent Defendants seek to ask this Court to reconsider the Preliminary Injunction Order, the Defendants can do so through an honest, unstilted motion—not one they fraudulently assert is supported by T-Mobile and signed by its attorney.

Under these circumstances, the Motion should be stricken and sanctions awarded to Plaintiff.

### B.     Reconsideration is Unwarranted, Untimely, and Unsubstantiated

Defendants' Motion to Lift the Injunction should be stricken for the reasons set forth above. If, however, the Court is inclined to deem it a motion for reconsideration and consider it on the merits, the Motion fails as both untimely and unjustified.

Local Rule 7(h) governs Motions for Reconsideration and states in relevant part:

> (1) *Standard.*  Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.
>
> (2) *Procedure and Timing.*  A motion for reconsideration shall be plainly labeled as such. The motion shall be filed within fourteen days after the order to which it relates is filed. The motion shall be noted for consideration for the day it is filed. The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling. Failure to comply with this subsection may be grounds for denial of the motion.

#### 1.     Defendants' Motion to Lift Injunction Is Untimely

The Preliminary Injunction Order was entered on August 2, 2011. [Dkt. No. 82]. Twenty-one days later, Defendants filed their Motion to Lift Injunction, which, at best, can be interpreted to ask this Court to reconsider the Preliminary Injunction Order. Because

20075080.4
Plaintiff's Opposition Brief and Motion to Strike Defendants'
Motion to Lift Injunction [DE 94] and For Sanctions
(3:11-cv-5655-RBL) — 5



One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455
(404) 815-2730 · Fax: (404) 815-3415

Defendants failed to file their Motion within fourteen (14) days after the Preliminary Injunction Order was filed, it should be denied as untimely.  *See, e.g.*, *Cunningham v. Weston*, 180 Fed.Appx. 644, 647 (9th Cir. 2006) ("Because the motion for reconsideration was filed 18 judicial days following entry of the order, it is untimely."); *Ayers v. Richards*, No. C08-5541 RJB/KLS, 2010 WL 3491137, *1 (W.D. Wash. Aug. 30, 2010) (finding motions for reconsideration untimely because they were not filed within 14 days of the order at issue); *Odegaard v. VCA Crown Hill Animal Hosp.*, No. C09-0740JLR, 2010 WL 1875807, *1 (W.D. Wash. May 10, 2010) (denying motion for reconsideration because it was not filed within 14 days); *Haines v. U.S.*, No. 3:08–5629 RJB, 2009 WL 667039, *4 (W.D. Wash. Mar. 11, 2009) (finding Bankruptcy Court did not abuse its discretion in denying a motion to reconsider as untimely because it was filed one-day late).

In this case, not only riddled with fraudulent assertions, Defendants' motion is more than a week late and, therefore, should, at minimum, be denied as untimely.

### C. Defendants' Motion Should be Denied Because it Fails to Meet the Requisite Grounds for Reconsideration

To the extent the Court considers the arguments raised in Defendants' untimely and fraudulent Motion, the Court should nevertheless deny it because the Motion fails to demonstrate any manifest error and only rehashes the same arguments made in their response to T-Mobile's Motion for Preliminary Injunction.  *Compare* Dkt. No. 56 *with* Dkt. No. 94. The Local Rules and precedent establish that motions to reconsider that merely reargue without presenting any new facts or legal authority should be denied.  *See, e.g.*, *In re Patterson*, 235 Fed.Appx. 636, 636 (9th Cir. 2007) (affirming denial of *pro se* party's "motion to reconsider because there was no manifest error in the district court's affirmance of the bankruptcy court's order, and [*pro se* party] did not present new facts or legal authority or otherwise comply."); *Taylor v. Knapp,* 871 F.2d 803, 805 (9th Cir. 1988) (holding denial of a motion for reconsideration proper where "it presented no arguments that had not already been

20075080.4
Plaintiff's Opposition Brief and Motion to Strike Defendants'
Motion to Lift Injunction [DE 94] and For Sanctions
(3:11-cv-5655-RBL) — 6

CARLTON FIELDS
ATTORNEYS AT LAW
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455
(404) 815-2730 · Fax: (404) 815-3415

raised in opposition to summary judgment"); *West v. Weyerhaeuser*, 2009 WL 1259154, *1 (W.D. Wash. May 4, 2009) (denying *pro se* plaintiff's motion for reconsideration because it failed to meet the standard stated in Local Rule CR 7(h)(1) as "[p]laintiff's motion simply amounts to re-argument of issues already considered and decided."); Local Rule CR 7(h).

In *West v. U.S. Secretary of Transp.*, No. C06-5516 RBL, 2007 WL 1960616, *1 (W.D. Wash. Jul. 2, 2007), this Court found that plaintiff's motion to reconsider "made conclusory allegations of manifest error, but has shown nothing more than the fact that Plaintiff disagrees with the court's previous ruling. Plaintiff has also shown no new facts or legal authority that could not have been brought to the court's attention earlier." As a result, this Court denied plaintiff's motion to reconsider. *Id.* Similarly, in this case, Defendants fail to establish any new facts or law as to why the Preliminary Injunction Order should be lifted or modified. Further, Defendants fail to argue that there was a manifest error in the law.

Defendants' Motion should be denied in its entirety on this basis as well. *See, e.g.*, *In re Patterson*, 235 Fed.Appx. at 636 (affirming denial of *pro se* plaintiff's "motion to reconsider because there was no manifest error in the district court's affirmance of the bankruptcy court's order, and [*pro se* plaintiff] did not present new facts or legal authority or otherwise comply."); *Taylor,* 871 F.2d at 805 (holding denial of a motion for reconsideration proper where "it presented no arguments that had not already been raised in opposition to summary judgment"); *West*, 2009 WL 1259154 at *1 (denying *pro se* plaintiff's motion for reconsideration because it failed to meet the standard stated in Local Rule CR 7(h)(1) as "[p]laintiff's motion simply amounts to re-argument of issues already considered and decided."); *West*, 2007 WL 1960616 at *1; Local Rule CR 7(h).

Defendants are well aware of the terms of the Preliminary Injunction—yet they are continuing to violate them, as is reflected in the Motion for an Order to Show Cause why George Collett should not be held in contempt. Defendants had ample opportunity to

20075080.4
Plaintiff's Opposition Brief and Motion to Strike Defendants'
Motion to Lift Injunction [DE 94] and For Sanctions
(3:11-cv-5655-RBL) — 7

CARLTON FIELDS
ATTORNEYS AT LAW
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455
(404) 815-2730 · Fax: (404) 815-3415

argue their opposition to the Motion for Preliminary Injunction <u>before</u> it was granted. Judge Pannell considered the parties briefs, held a hearing, and then issued the order granting the Motion. Now, three-weeks later, Defendants are reiterating the same arguments that were considered and denied; there are no new facts or law offered for a basis for reconsideration; and there is no support for a finding that manifest error occurred. As such, the Motion should be denied.

### **Conclusion**

Defendants, disappointed in the Court's Order granting Plaintiff a Preliminary Injunction to preclude them from continuing to defraud T-Mobile and its customers, made overt, fraudulent misrepresentations of agreement of the parties in a belated attempt to get the Injunction vacated. Both the procedure and substance of the Motion are deficient and warrant striking and sanctions or, at minimum, denial.

WHEREFORE, Plaintiff, T-Mobile USA, Inc. respectfully opposes the Motion to Lift the Injunction, and requests that the Court strike Docket Entry No. 94 and sanction Defendants for their egregiously false representations to the Court, or, alternatively, denial and an award of sanctions.

DATED this 1st day of September, 2011.

CARLTON FIELDS

By *s/ Stacey K. Sutton*
    James B. Baldinger
    Florida Bar No. 869899
    *Admitted Pro Hac Vice*
    Stacey K. Sutton
    Florida Bar No. 270334
    *Admitted Pro hac vice*
    City Place Tower
    525 Okeechobee Boulevard, Suite 1200
    West Palm Beach, FL 33401
    Tel: 561-659-7070
    Email: jbaldinger@carltonfields.com
    Email: ssutton@carltonfields.com

20075080.4
Plaintiff's Opposition Brief and Motion to Strike Defendants'
Motion to Lift Injunction [DE 94] and For Sanctions
(3:11-cv-5655-RBL) — 8



CARLTON FIELDS
ATTORNEYS AT LAW
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455
(404) 815-2730 · Fax: (404) 815-3415

Gail E. Podolsky, admitted *pro hac vice*
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455
Tel: (404) 815-2730
Fax: (404) 815-3415
Email: gpodolsky@carltonfields.com

and

DAVIS WRIGHT TREMAINE LLP
James C. Grant, WSBA #14358
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: jamesgrant@dwt.com

Attorneys for Plaintiff T-Mobile USA, Inc.

20075080.4
Plaintiff's Opposition Brief and Motion to Strike Defendants'
Motion to Lift Injunction [DE 94] and For Sanctions
(3:11-cv-5655-RBL) — 9

CARLTON FIELDS
ATTORNEYS AT LAW
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455
(404) 815-2730 · Fax: (404) 815-3415

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2011, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| James C. Grant | jamesgrant@dwt.com |
| James B. Baldinger | jbaldinger@carltonfields.com |
| Stacey K. Sutton | ssutton@carltonfields.com |

I further certify that I have mailed by United States Postal Service the foregoing document to the following non CM/ECF participates, addressed as follows:

| | |
|---|---|
| George E. Collett<br>Marilou Collett<br>510 South 112th Street<br>Tacoma, WA 98444 | Mathew Collett<br>Sarah M. Hoffman<br>1010 South 21st Street<br>Tacoma, WA 98405 |

DATED this 1st day of September, 2011.

CARLTON FIELDS

By *s/ Stacey K. Sutton*
Stacey K. Sutton, admitted *pro hac vice*
City Place Tower
Suite 1200
525 Okeechobee Blvd.
West Palm Beach, FL 33401
Tel: 561-659-7070
Email: ssutton@carltonfields.com

20075080.4
Plaintiff's Opposition Brief and Motion to Strike Defendants'
Motion to Lift Injunction [DE 94] and For Sanctions
(3:11-cv-5655-RBL) — 10

CARLTON FIELDS
ATTORNEYS AT LAW
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455
(404) 815-2730 · Fax: (404) 815-3415