The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT TACOMA

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware Corporation, <br><br>　　　　　　Plaintiff, <br>　v. <br> SHERMAN TERRY, et al., <br><br>　　　　　　Defendants. | No. 3:11-cv-5655-RBL <br><br> **ORDER ON PLAINTIFF'S SECOND MOTION FOR SANCTIONS** |

**THIS MATTER** is before the Court on Plaintiff, T-Mobile USA, Inc.'s ("T-Mobile") Second Motion for Sanctions ("Motion") against Defendants George Collett, Marilou Collett, Mathew Collett and Sarah Hoffman (collectively, "Defendants"). [Dkt. #166].

On March 27, 2012, T-Mobile, pursuant to Fed. R. Civ. P. 37, L.R. 37, and G.R. 3, moved for sanctions against Defendants George Collett[1], Marilou Collett, Sarah M. Hoffman, and Mathew Collett ("Defendants") for their refusal to meet and confer regarding their ongoing discovery violations and repeated violations of this Court's September 22, 2011 Minute Order Regarding Initial Disclosures, Joint Status Report and Early Settlement (Dkt. #108) and the June 20, 2011 and August 2, 2011 discovery orders issued by Judge Charles Pannell, U.S.

---

[1] On April 23, 2012, the Court entered Partial Summary Judgment Against George Collett (Dkt. #182). With respect to George Collett, this Order governs the claims not covered by the Summary Judgment Order, namely, T-Mobile's claims for Contributory Trademark Infringement (Count 2), Common Law Fraud (Count 7), Unjust Enrichment (Count 10), Tortious Interference with Prospective Economic Advantage (Count 11), and Conversion (Count 12).

District Court Judge for the Northern District of Georgia (Dkt. #69 and #81) (collectively, the "Court Orders"). The Court has reviewed the case file, considered the affidavits presented, and is otherwise duly and fully advised in the premises. For the following reasons, the Court GRANTS the Second Motion for Sanctions, strikes Defendants' answers, and will enter a Final Judgment and Permanent Injunction in a separate written order.

## FACTUAL BACKGROUND

T-Mobile propounded written discovery on Defendants in February and March 2011 and attempted to take depositions. Defendant Marilou Collett failed to appear for her deposition, Defendant Mathew Collett walked out in the middle of his deposition and refused to reschedule, and none of the Defendants have complied with their basic discovery obligations. T-Mobile filed a Motion to Compel, (Dkt. #50), which was granted by Judge Pannell on June 20, 2011 (the "June Order"). (Dkt. #69 at pg. 1).

The June Order required Defendants to: (1) serve initial disclosures, and (2) produce, without objection, written responses to Plaintiff's Requests for Production and all responsive documents. It also required Sarah Hoffman and Matthew Collett to produce, without objection, answers to Plaintiff's Interrogatories. The June Order specifically required Marilou Collett to provide a written verification to her interrogatory responses in accordance with Rule 33(b)(3) and Matthew Collett was ordered to cooperate with T-Mobile in scheduling and in attending a deposition within thirty days of the docketing of the June Order. Moreover, the June Order expressly ordered Defendants to comply with the Federal Rules of Civil Procedure and "[i]f the defendants fail to do so, the court will determine the appropriate sanctions. (Dkt. #69 at pgs. 1-2).

On July 22, 2011, T-Mobile filed a Motion for Order to Show Cause for Why Defendants Should Not Be Adjudged in Civil Contempt for their failure to abide by the June Order (the "Contempt Motion"). (Dkt. #75). On August 2, 2011, Judge Pannell denied the Contempt Motion with the right to refile in 14 days if Defendants had not complied ("August Order"). (Dkt. #81). Shortly thereafter, the case was transferred to this Court. (Dkt. # 84).

On September 22, 2011, this Court issued a Minute Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. #108) which set a new deadline of December 14, 2011 for initial disclosures and a deadline of December 21, 2011 for the parties to submit the Joint Status Report ("September Order"). A copy of the September Order was mailed to each of the Defendants.

To date, Defendants Sarah Hoffman and Mathew Collett have not filed initial disclosures, and the initial disclosures submitted by Defendants Marilou Collett and George Collett were incomplete. T-Mobile's counsel conferred with Defendants prior to and after the deadline to submit a Joint Status Report; however, Defendants refused to cooperate. Instead, Defendant George Collett submitted a "Joint" Report, falsely affixing Plaintiff's counsel's electronic signature and representing to the Court that the parties had stipulated to it. *See* Dkt. #142. This is the second time that Defendant George Collett has fraudulently attached Plaintiff's counsel's signature to a document filed with the Court. *Id.*

The evidence shows that Plaintiff's counsel has repeatedly attempted to meet and confer with Defendants regarding their discovery responses, but Defendants have ignored those efforts. None of the Defendants have provided written responses to T-Mobile's document requests. Defendant George Collett has provided wholly inadequate interrogatory responses, initial disclosures, and non-responsive documents. Plaintiff's counsel received a copy of what purports to be Defendant Marilou Collett's verified interrogatory responses. However, during her deposition she admitted that the signature attached to her verified interrogatory responses was not hers, and that she had never seen the interrogatories before. She further testified that the verified interrogatories were likely signed by her husband, Defendant George Collett. Based on the illegal act of signing another's name under oath and the identical nature of the verifications on Defendants George Collett and Marilou Collett's interrogatories, it calls into question whether George Collett's verification is proper. Notably, the identical "verification" is attached to Defendant Mathew Collett's interrogatory responses.

Defendant Mathew Collett has provided vague, incomplete interrogatory responses with a questionable verification and nothing else. Defendant Sarah Hoffman has not provided verified interrogatory responses or any responsive documents. In sum, Defendants have ignored their discovery obligations in this case.

## LEGAL STANDARD

The following are the legal standards applicable to Plaintiff's Second Motion for Sanctions.

### A. Failure to Comply with Discovery Orders

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) (emphasis added):

If a party…fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders…

(iii) striking pleadings in whole or in part…
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 37(d) also provides that the failure of a party to attend its own deposition or answer interrogatories is grounds for sanctions where there is no pending motion for protective order related to the deposition and/or interrogatories, as was the case here. Sanctions for these violations can include those listed in section (b)(2)(A)(i-vi) as well as reasonable costs incurred in connection with the deposition and/or interrogatories. *See also* Rule 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party…to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

### B. Failure to Comply with Obligations to Confer

Local Rule 37(a)(1)(A) provides that "[i]f the court finds that…a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may take action as stated in GR 3 of these rules."

> General Rule 3(d) of the Local Rules provides:
>
> An attorney or party who without just cause fails to comply with any rule of the Federal Rules of Civil or Criminal Procedure, or these rules, or orders of the court, or who presents to the court unnecessary motions or unwarranted opposition to motions, or who fails to prepare for presentation to the court, or who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously, may, in addition to, or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs, and may be subjected to such other sanctions as the court may deem appropriate.

*See also Hoglund v. Sher-Ber, Inc.*, No. 08-0267RSL, 2008 WL 5427793, at *3 (W.D. Wash. Dec. 31, 2008) (imposing monetary sanctions "for refusing to confer in good faith in violation of Local Rule 37 and for unreasonably and vexatiously increasing the cost of this litigation in violation of General Rule 3").

      C.      ***Sanction Awards for Discovery Violations***

Decisions regarding sanctions for dilatory conduct by a party during discovery "is committed to the sound discretion of the trial court." *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093, 1103 (9th Cir. 1981). "Absent a definite and firm conviction that the district court made a clear error in judgment, [the appellate court] will not overturn a Rule 37 sanction." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1408 (9th Cir. 1990).

As the Ninth Circuit has held, where a party acts willfully and in bad faith "in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for noncompliance." *G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978). Dispositive action is appropriate where a "pattern of deception and discovery abuse made it impossible" for the district court to conduct a trial "with any reasonable assurance that the truth would be available." *Anheuser-Busch, Inc. v. Natural Beverage Distributors,* 69 F.3d 337, 352 (9th Cir.1995). In upholding a dispositive discovery sanction, the Supreme Court explained "that the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose

conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781 (1976).

### D.   Five-part Test for Entering Default Judgment as a Sanction

The Ninth Circuit has set-forth the following five-part "test" to determine whether a dismissal (or default) sanction is warranted:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) citing *Malone v. United States Postal Service,* 833 F.2d 128, 130 (9th Cir. 1987).

In *Valley Engineers*, the Ninth Circuit stated that "where a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." *Id*. (citing *Adrian Int'l,* 913 F.2d at 1412). The Court of Appeals went on to explain that there are three subparts for consideration: "whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal.'" *Id*. citing *Malone,* 833 F.2d at 132.  However, the Ninth Circuit also noted that a court is not required to first impose less serious sanctions or give an express warning. *Id*. (citing *Adriana Int'l,* 913 F.2d at 1413). Where "a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts," there is no justification for a lawsuit to continue since "[t]rue facts must be the foundation for any just result." *Id*.

## ANALYSIS

### A.   Defendants' Violations of Court Orders Satisfies the First Two Factors

Where a court order is violated, the first and second factors (public's interest in expeditious resolution of litigation and management of court docket) are met. *See Valley*

*Engineers*, 158 F.3d at 1057.  Defendants have violated the Court Orders in the following ways:

Mathew Collett has failed to: (1) provide initial disclosures, (2) produce written responses to T-Mobile's document requests or any responsive documents, (3) cooperate with T-Mobile to reschedule his deposition, (4) work with T-Mobile's counsel to file a Joint Status Report and Discovery Plan, and (5) schedule a time with T-Mobile's counsel to meet and confer regarding these discovery issues.

Sarah Hoffman has failed to: (1) provide initial disclosures, (2) produce written responses to T-Mobile's document requests or any responsive documents, (3) produce verified, written responses to T-Mobile's interrogatories, (4) collaborate with T-Mobile's counsel to file a Joint Status Report and Discovery Plan, and (5) schedule a time with T-Mobile's counsel to meet and confer regarding these discovery issues.

Marilou Collett and George Collett have failed to: (1) provide complete initial disclosures, (2) produce written responses to T-Mobile's document requests and responsive documents, (3) collaborate with T-Mobile's counsel to file a Joint Status Report and Discovery Plan, and (4) schedule a time with T-Mobile's counsel to meet and confer regarding these discovery issues.  Further, Marilou Collett admitted in her deposition that the signature attached to her verified interrogatory responses was not hers, and that she had never seen the interrogatories before.

The evidence shows that T-Mobile sent numerous emails and letters to Defendants and made several calls (that went unanswered) outlining Defendants' discovery deficiencies and requesting to meet and confer.  Defendants ignored these requests.  *See, e.g., Hoglund v. Sher-Ber, Inc.*, No. 08-0267RSL, 2008 WL 5427793, at *3 (W.D. Wash. Dec. 31, 2008) (imposing monetary sanctions "for refusing to confer in good faith in violation of Local Rule 37 and for unreasonably and vexatiously increasing the cost of this litigation in violation of General Rule 3).

The Court finds that Defendants are fully capable of complying with their obligations, and they have been cautioned and warned repeatedly to do so. Instead, Defendants have intentionally violated the Court Orders and continue to do so. There is no reason why Defendant Mathew Collett could not appear for a new deposition after he walked out of his first deposition and refused to answer questions. There is no reason Defendants cannot provide written responses to T-Mobile's discovery requests and initial disclosures. Finally, it does not require a law degree to know that one cannot forge another person's signature on a legal document subject to penalties of perjury, nor purport to file "agreed" or "joint" documents with the Court by attaching the signature of opposing counsel with no authority to do so.

Further, there is nothing ambiguous about any of the Court Orders. Yet, now, approximately eight months after the September Order, more than nine months from the August Order, more than eleven months after the June Order, over fourteen months after discovery was served, and approximately seventeen months from the date the Amended Complaint was filed, Defendants have failed to meet even the most basic discovery requirements.

### B.     *The Third Factor is Met as T-Mobile is Prejudiced by Defendants' Conduct*

Defendants' ongoing violations have caused and continue to cause T-Mobile severe prejudice. T-Mobile has incurred substantial fees and costs having to bring numerous motions and has spent as much or more in time and futile efforts to communicate, follow-up and confer with Defendants regarding these issues. T-Mobile likewise incurred substantial fees and costs preparing for and travelling to Seattle for duly-noticed depositions, only to have one Defendant walk out and another Defendant refuse to appear. T-Mobile is further harmed because without discovery from Defendants, T-Mobile cannot ascertain the full extent of Defendants' conduct, the full measure of T-Mobile's damages, or the extent to which other third-parties may be involved.

Based on Defendants' ongoing refusal to participate and their false representations to the Court, it is clear the parties will be unable to submit a consolidated pretrial order or engage

in any meaningful discussions to streamline this litigation prior to trial. This will substantially and unnecessarily burden the Court and exponentially increase Plaintiff's litigation costs. Finally, because it has become apparent that the limited discovery that Defendants have produced is tainted and untrustworthy, T-Mobile is now in the untenable position of not being able to rely on the veracity of even the extremely limited information provided. Accordingly, T-Mobile has suffered and will continue to suffer severe prejudice without appropriate sanctions.

### C. The Public Interest Would Not be Served by Issuing Dismissing Sanctions

The fourth factor (public policy favoring disposition on the merits) weighs against entry of a default judgment. *See Valley Engineers*, 158 F.3d at 1057. "Although this factor weighs against dismissal, it is not sufficient to outweigh the other four factors, which in this case support dismissal." *Malone*, 833 F.2d at 133 n.2 (affirming trial court's order dismissing the action with prejudice for violation of a court order).

### D. The Fifth Factor Favors Dismissal Because Lesser Sanctions Are Ineffective

Under these circumstances and as supported by Ninth Circuit precedent, the sanctions sought by T-Mobile are warranted and nothing less will sufficiently punish Defendants. The June Order denied sanctions at the time, but the Court specifically warned Defendants that they risked sanctions for future non-compliance. (Dkt. #69 at pgs. 1-2). Further, in denying the Contempt Motion on August 2nd, the Court gave Defendants an additional 14 days to comply. Defendants have been warned and have had ample time and opportunity to comply in good faith, yet they have not complied.

Nothing short of a default judgment against Defendants will remedy the prejudice to T-Mobile and uphold the integrity of the judicial system. Defendants' willful disregard of the Court's authority and their legal obligations permeates this case. For example, simultaneous with the discovery violations set forth here, Defendant George Collett has ignored Judge Pannell's Preliminary Injunction Order and this Court's Order finding him in contempt. In an effort to evade the injunction, Defendant George Collett even went so far as to file a "stipulated" motion to lift the injunction, to which he attached the signature of T-Mobile's

counsel, without discussion or permission (and then did the same thing again four months later, as discussed above).

The circumstances in this case are at least as shocking if not more so than the willful discovery violations in the Ninth Circuit cases of *Natural Beverage Distributors, Valley Engineers, Adriana International, Hempfling, McElroy, and Hotgeerts*, in which dispositive sanctions under Rule 37 were both awarded and upheld on appeal. The fact that Defendants are appearing *pro se* has no bearing on the Court's consideration of T-Mobile's Motion. *See United States v. Hempfling*, 385 Fed.Appx. 766 (9th Cir. 2010) (affirming default judgment and permanent injunction against *pro se* defendant for failure to respond to discovery or sit for deposition); *McElroy v. City of Corvallis*, 388 Fed. Appx. 702 (9th Cir. 2010) (affirming dismissal of action under Rule 37 as a sanction against *pro se* party for not complying with discovery orders); *Johnson v. Holtgeerts*, 397 Fed. Appx. 405 (9th Cir. 2010) (affirming order from this district dismissing action based on *pro se* party's unwillingness to answer deposition questions despite court order); *Curt-Allen: of the Family Byron v. Lovick*, No. 10-0609JLR, 2010 WL 3122822, *2 (W.D. Wash. Aug. 9, 2010) ("When faced with litigation abuses by a *pro se* party, a court 'cannot...decline to impose a sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*.'").

Defendants' actions over the last year and a half have demonstrated that they will not recognize the Court's rules, orders or authority and will either ignore their obligations or make false statements and present fraudulent materials. Based on Defendants' past conduct, there is no way that the "true facts" will ever be available in this case.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Second Motion for Sanctions and sanctions the Defendants by: (1) striking Defendants' answers; (2) entering a default judgment and permanent injunction on the issue of liability, which will be addressed in a separate written order; (3) requiring Defendants to pay for T-Mobile's fees and costs incurred in bringing its Motion to Compel, Motion for Order to Show Cause, Motion for Sanctions and

Second Motion for Sanctions; and (4) requiring Defendant Mathew Collett to reimburse T-Mobile for the fees and costs incurred in connection with his deposition and Marilou Collett to reimburse T-Mobile for the fees and costs incurred in connection with her deposition, at which she did not appear.[2]

DATED this 17th day of July, 2012.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge

---

[2] Because Plaintiff has submitted its fees and costs in connection with its Motion for Entry of Default Final Default Judgment and Permanent Injunction, awarding additional fees and costs pursuant to this Order would be duplicative. Accordingly, the fees and costs awarded in this Order will be set forth in the Final Judgment and Permanent Injunction.