HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| T-MOBILE USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHERMAN TERRY, et al., <br><br> Defendants. | CASE NO. C11-5655 RBL <br><br> ORDER |

THIS MATTER is before the Court on the following Motions: Defendant Marilou Collette's Motion to Vacate Default Judgment [Dkt. #189] and Defendant George Collette's Motion to Sever [Dkt. #190][1]. This Court entered a default judgment and permanent injunction against Ms. Collette in July [Dkt. #s 187 and 188]. It did so because despite several warnings and Motions for Sanctions, she failed to participate in discovery, and failed to comply with the Court's Orders. She admitted she had never seen the interrogatories bearing her signature (which she admitted was not hers).

---

[1] The text of Dkt. #190 is the same as Dkt. #189, but Mr. Collette's Reply [Dkt. # 193] confirms that he is asking the Court to Sever the case against him from the case against the remaining Defendants, and the Court will treat his filings as a Motion for the same.

ORDER - 1

1	Ms. Collette now claims that she had nothing to do with the underlying case, she did not
2	gain from any dealings with T Mobile, and she has no knowledge of Mr. Collette's business
3	specifically or cell phones generally.

4	Mr. Collete's Motion to Sever recites that liability varies between defendants and claims
5	that the defendants are located in different states.  Mr. Collette also reiterates that he wants a jury
6	trial.

7	The case against Mr. Collette is over; a judgment has been entered. [Dkt. #188].  His
8	Motion [Dkt. #190] is DENIED as moot.

9	In limited circumstances, a litigant may seek relief from judgment under Rule 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief.

14	In order to permit a Defendant relief from a default, the Court considers three factors: (1)
15	whether Plaintiff will be prejudiced if the Court sets aside the default judgment, (2) whether the
16	Defendant has a meritorious defense, and (3) whether culpable conduct of Defendant led to the
17	default.  See *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984).

18	Mrs. Collette has not demonstrated that she is entitled to relief from the judgment under
19	any of the bases recited in Rule 60(b), and she has not demonstrated that she has a defense to the
20	claims against her.  The default was entered as the result of her culpable conduct (repeated and
21	willful failure to comply with the Court's orders) and it is clear that the Plaintiff would be
22	prejudiced if the default judgment was vacated.

1   The Motion for Relief from Judgment [Dkt. #189] is DENIED.

2   IT IS SO ORDERED.

3   Dated this 7th day of September, 2012.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge

ORDER - 3